SEI
1  JASON W. BARRUS, ESQ.
   Nevada Bar No.: 9344
2  jason@jasonbarruslaw.com
   ERIK A. BROMSON
3  Nevada Bar No.: 9986
   erik@jasonbarruslaw.com
4  LAW OFFICE OF JASON W. BARRUS
   1601 E. Charleston Blvd.
5  Las Vegas, NV 89104
   Office (702) 550-6500
6  Fax (702) 550-6501
   *Attorney for Plaintiff*

7

8                          **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10  SILVIA GUERRERO-RAMIREZ, individually;

11                                      Plaintiff,     CASE NO.:
                                                       DEPT NO.:
12  Vs.
                                                       CASE NO: A-22-857398-C
13  99 CENTS ONLY STORES, LLC; and DOES 1-                    Department 24
14  10; and DOE EMPLOYEES 11-20; and ROE
    BUSINESS ENTITIES 21-30,
15
                                        Defendants.
16

17                          **SUMMONS**

18   **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD, UNLESS YOU RESPOND WITHIN 20 DAYS. READ**
19                       **THE INFORMATION BELOW.**

20  **TO THE DEFENDANT:**      A civil Complaint has been filed by the Plaintiff against you for the
21                             relief set forth in the Complaint.

22                     **99 CENTS ONLY STORES, LLC**

23  1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you,

24     exclusive of the day of the service you must do the following:

25        a. File with the Clerk of this Court, whose address is shown below, a formal written

26           response to the Complaint in accordance with the rules of the Court with the

27           appropriate filing fee.

28        b. Serve a copy of your response upon the attorney whose name and address is shown

           below.

                            Page 1 of 2

*(left margin, vertical text):* LAW OFFICE OF JASON W. BARRUS
1601 E. Charleston Blvd., Las Vegas, Nevada 89104
Phone (702) 550-6500 Fax (702) 550-6501

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of your money or property, or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issued at the direction of:                CLERK OF THE COURT

_Erik Abbey_

ERIK A. BROMSON, ESQ.                Deputy Clerk          Date
Nevada Bar No.: 9986                                                  8/25/2022
**LAW OFFICE OF JASON W. BARRUS**        Clark County Courthouse
1601 E CHARLESTON BLVD                200 Lewis Avenue
Las Vegas, NV 89104                   Las Vegas, NV 89155
Tel: 702-550-6500                     **Patricia Azucena-Preza**
Fax: 702-550-6501
_Attorney for Plaintiff_

**NOTE:** When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).

LAW OFFICE OF JASON W. BARRUS
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA 89104
PHONE (702) 550-6500 FAX (702) 550-6501

Electronically Filed
8/24/2022 11:07 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JASON W. BARRUS, ESQ.
Nevada Bar No.: 9344
jason@jasonbarruslaw.com
ERIK A. BROMSON, ESQ.
Nevada Bar No.: 9986
erik@jasonbarruslaw.com
LAW OFFICE OF JASON W. BARRUS
1601 E. Charleston Blvd.
Las Vegas, NV 89104
Office (702) 550-6500
Fax (702) 550-6501
*Attorney for Plaintiff*

CASE NO: A-22-857398-C
Department 24

*Sidebar:* LAW OFFICE OF JASON W. BARRUS
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA 89104
PHONE (702) 550-6500 FAX (702) 550-6501

## DISTRICT COURT

## CLARK COUNTY, NEVADA

SILVIA GUERRERO-RAMIREZ, individually;

Plaintiff,

Vs.

99 CENTS ONLY STORES, LLC; and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30,

Defendants.

CASE NO.:
DEPT NO.:

## COMPLAINT

Plaintiff, by and through her attorney of record, **JASON W. BARRUS** and **ERIK A. BROMSON** of the **LAW OFFICE OF JASON W. BARRUS,** hereby files this Complaint and alleges against the above-named Defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.      At all times material herein, Plaintiff was and is an adult female resident of Las Vegas, Nevada.

2.      Upon information and belief, at all times material herein, Defendants, and each of them, owns, operates and controls that certain business by virtue of the laws of the State of Nevada and is property owner of the premises located at 45 N. Nellis Blvd, Las Vegas, NV 89110 in the County of Clark, State of Nevada.

3.      At all times material herein, said Defendants, and each of them, owned, operated, controlled, and/or maintained, without limitation, a supermarket with parking areas and common areas

for the purpose of carrying on business for profit in Clark County, Nevada

4.     Upon information and belief, at all times material herein, Doe and Roe Defendants 101 through 200 were legal entities/residents of Clark County, Nevada, and authorized to do business by the State of Nevada.  Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants, and each of them, and functioned and assisted in the operation, control and/or management of said premises.

5.     The true names and capacities, whether individual, corporate, limited liability company; partnership; or otherwise of Defendants DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. On information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE INDIVIDUALS or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiff, on or about January 18, 2021, resulting from the below stated premise accident; and further that certain, without limitation, employees employed and/or engaged by said Defendants; or other patrons of said business; knew of or should have known of or caused a dangerous condition to exist on the premises resulting in Plaintiff's personal injury herein; and are therefore liable for all damages due to Plaintiff as alleged herein.  Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action. The DOE 1 is the unknown actual legal name for 99 Cents Only Stores, LLC. The DOE 2 is the unknown store manager employed by DOE 1 at the time of the incident. THE ROE 1 is the unknown security company employed by DOE 1 at the time of said incident. THE ROE 2 is the unknown janitorial company employed by DOE 1 at the time of said incident.

## FACTUAL BACKGROUND

6.     On or about January 18, 2021, Plaintiff was walking through the produce section of the public walkway of Defendant's property when she slipped and fell on a discarded substance that was on the floor.

7.     The Plaintiff fell to the ground and sustained injuries that required immediate medical care.

8.     The Defendant failed to properly maintain their premises.

9.     As a result, Plaintiff suffered severe bodily injury.

10.    Defendant owed a duty to Plaintiff to operate their premises in a safe manner.

LAW OFFICE OF JASON W. BARRUS
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA 89104
PHONE (702) 550-6500  FAX (702) 550-6501

11.     Defendants breached their duty of care to Plaintiff.

**Causes of Action**

**I.**

**Negligence/Premises Liability**

12.     Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.     Upon information and belief, while lawfully on said premises and location, Defendants had a duty to supervise and maintain said premises in a reasonably safe and suitable condition for its patrons, guests, invitees and others; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions on or around said premises.

14.     Upon information and belief, Defendant employed repair, janitorial and maintenance personnel, management, and other supervisory/security personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property in a reasonably safe and suitable condition all under said Defendant's authority and control.

15.     Upon information and belief, at said time and place, Defendants, despite having actual notice or constructive notice, that a dangerous condition existed on its premises; including a dangerous condition in the produce section which was open to the public caused by the Defendants or its agent(s), over which said Defendants had control and authority, failed to enact proper safeguards and warnings to prevent serious bodily injury to Plaintiff, to wit: failing to clean and inspect the floor allowing a dangerous condition to exist on the floor resulting in Plaintiff falling to the ground, all in breach of its duty of due care herein, including said business' duty to maintain said area free of unreasonably dangerous conditions as property owner.

**II.**

**Negligent Hiring; Supervision and Failure to Warn**

16.     Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 15 as if fully set forth herein.

16.     As a direct and proximate result of said negligence and/or reckless conduct herein, as the case may be, Plaintiff has suffered personal injury, medical bills, mental anguish, general damages and economic damages in an amount in excess of $15,000 subject to proof at trial.

LAW OFFICE OF JASON W. BARRUS
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA 89104
PHONE (702) 550-6500 FAX (702) 550-6501

17. While on said premises, Defendants had a duty to supervise and maintain its premises in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of said dangerous and/or artificial conditions on or around said premises and its guest rooms and/or common area(s). Upon information and belief, Defendants employed housekeeping and maintenance personnel, management and other supervisory personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property in a reasonably safe and suitable condition.

18. Said Defendants failure to repair and failure to warn of such a known dangerous condition, or through exercise of reasonable diligence under the circumstances that which could have been discovered, and further failure to hire and adequately train suitable and fit employees and to repair and maintain said property in a safe and suitable manner has directly and proximately resulted in Plaintiff's personal injury and damages in an amount in excess of $15,000 subject to proof at trial.

19. In addition to their direct liability, Defendants were and are vicariously liable for the negligent acts and/or omissions of its staff, agents, apparent agents, servants, or employees in the scope of employment herein; or such independent contractors within said Defendants control which in any manner caused or contributed to Plaintiff's injuries herein.

20. As a direct and proximate result of Defendant's negligence by and through its agents, employees and/or contractors as set forth, Plaintiff has sustained special damages, general damages, economic damages and future damages in excess of $15,000.00 subject to proof to trial.

**WHEREFORE**, Plaintiff expressly reserving her right to amend this complaint at the time of, or prior to trial, prays for judgment against the Defendants, and each of them, as follows:

1. For General, Special Damages sustained by Plaintiff in a sum in excess of $15,000.00;

2. For Attorney's Fees and Costs of suit incurred herein;

3. For interest at the statutory rate;

4. Loss of earning capacity in an amount to be proven at trial;

5. For such other relief as this Court deems appropriate.

DATED this 24th day of August, 2022.

**LAW OFFICE OF JASON W. BARRUS**



**LAW OFFICE OF JASON W. BARRUS**
1601 E. Charleston Blvd., Las Vegas, Nevada 89104
Phone (702) 550-6500 Fax (702) 550-6501

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____

Erik A. Bromson, ESQ.
Nevada Bar No. 9986
1601 E. Charleston Blvd
Las Vegas, NV 89104
Attorney for Plaintiff

LAW OFFICE OF JASON W. BARRUS
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA 89104
PHONE (702) 550-6500  FAX (702) 550-6501

Electronically Filed
9/26/2022 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007 (702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*j.orr@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SILVIA GUERRERO-RAMIREZ, individually, | |
| Plaintiff, | CASE NO.:  A-22-857398-C |
| vs. | DEPT. NO.: 24 |
| 99 CENTS ONLY STORES, LLC; and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30, | |
| Defendants. | |

**DEFENDANT, 99 CENTS ONLY STORES, LLC'S ANSWER TO PLAINTIFF'S**
**COMPLAINT**

COMES NOW, Defendant, 99 CENTS ONLY STORES, LLC., by and through its

attorneys, LEW BRANDON, JR., ESQ., JEFFREY J. ORR, ESQ., and HOMERO GONZALEZ,

ESQ., of BRANDON | SMERBER LAW FIRM, and hereby answers Plaintiff's Complaint on file

herein as follows:

/ / /

/ / /

**BRANDON | SMERBER**
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

## GENERAL ALLEGATIONS

1.      Answering Paragraphs 1, 2, 3, 4 and 5 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

## FACTUAL BACKGROUND

2.      Answering Paragraphs 6, 7 and 10 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

3.      Answering Paragraphs 8, 9, and 11 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

### Causes of Actions

### I.

### Negligence/Premises Liability

4.      Answering Paragraph 12 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 11 as though fully set forth herein.

5.      Answering Paragraphs 13 and 14 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

6.      Answering Paragraph 15 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /

**II.**

**Negligent Hiring; Supervision and Failure to Warn**

7.      Answering Paragraph 16 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 15 as though fully set forth herein.

8.      Answering Paragraphs 16 sic, 17, 18, 19 and 20 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that at the time and place alleged in Plaintiff's Complaint, Plaintiff did not exercise ordinary care, caution or prudence for the protection of herself and any damages complained of by the Plaintiff in her Complaint, were directly or proximately caused or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff assumed whatever risk or hazard existed at the time of this incident, if any there were, and was therefore responsible for the alleged damage suffered and further that the Plaintiff was guilty of negligence of her own acts which caused or contributed to by the fault, failure to act, carelessness or negligence of Plaintiff.

/ / /

/ / /

/ / /

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

**FOURTH AFFIRMATIVE DEFENSE**

All the risks and dangers involved in the factual situation described in Plaintiff's Complaint, if any there were, were open, obvious and known to the Plaintiff and by reason thereof, Plaintiff assumed the risks and dangers inherent thereto.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the negligence of the Plaintiff exceeded that of the Defendant, and that the Plaintiff is thereby barred from recovery.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to NRCP 11, as amended:  All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages sustained by Plaintiff, if any, were caused by the acts of third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and as such, this Defendant is not liable in any matter to the Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant at all times relevant to the allegations contained in Plaintiff's Complaint, acted with due care and circumspection in the performance of any and all duties imposed on it.

**NINTH AFFIRMATIVE DEFENSE**

That it has been necessary of the Defendant to employ the services of an attorney to defend the action and a reasonable sum should be allowed Defendant for attorney's fees, together with costs of suit incurred herein.

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages, and, to the extent of such failure to mitigate any damages awarded to Plaintiff, should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant objects as to authentication, foundation and genuineness of all of Plaintiff's medical providers and documents listed or presented by Plaintiff.

WHEREFORE, Defendant, 99 CENTS ONLY STORES, LLC., prays as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein;

2. For reasonable attorney's fees and costs of suit incurred herein;

3. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 26th day of September, 2022.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that on September 26, 2022, I served the foregoing **DEFENDANT, 99 CENTS ONLY STORES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** through the Court's ECF electronic filing system, upon the following:

**JASON W. BARRUS, ESQ.**
Nevada Bar No. 9344
**ERIK A. BROMSON, ESQ.**
Nevada Bar No. 9986
**LAW OFFICE OF JASON W. BARRUS**
1601 E. Charleston Blvd.
Las Vegas, Nevada 89104
(702) 550-6500
Facsimile (702) 550-6501
*jason@jasonbarruslaw.com*
*erik@jasonbarruslaw.com*
*Attorneys for Plaintiff,*
*SILVA GUERRERO-RAMIREZ*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

**BRANDON | SMERBER**
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

Electronically Filed
9/26/2022 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007 (702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*j.orr@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

### DISTRICT COURT
### CLARK COUNTY, NEVADA

SILVIA GUERRERO-RAMIREZ, individually,

        Plaintiff,

vs.

99 CENTS ONLY STORES, LLC; and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30,

        Defendants.

CASE NO.:  A-22-857398-C
DEPT. NO.: 24

### <u>DEMAND FOR JURY TRIAL</u>

    COMES NOW, Defendant, 99 CENTS ONLY STORES, LLC., by and through its

attorney of record, LEW BRANDON, JR., ESQ., JEFFREY J. ORR, ESQ., and HOMERO

GONZALEZ, ESQ., of BRANDON | SMERBER LAW FIRM, and hereby demands a Jury Trial

in the above-

/ / /

/ / /

/ / /

BRANDON | SMERBER LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

entitled action.

DATED this 26th day of September 2022.

BRANDON | SMERBER LAW FIRM

*/s/ Lew Brandon, Jr. Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on September 26, 2022, I served a true and correct copy of the foregoing **DEMAND FOR JURY TRIAL** through the Court's ECF electronic filing system, upon the following:

**JASON W. BARRUS, ESQ.**
Nevada Bar No. 9344
**ERIK A. BROMSON, ESQ.**
Nevada Bar No. 9986
**LAW OFFICE OF JASON W. BARRUS**
1601 E. Charleston Blvd.
Las Vegas, Nevada 89104
(702) 550-6500
Facsimile (702) 550-6501
*jason@jasonbarruslaw.com*
*erik@jasonbarruslaw.com*
*Attorneys for Plaintiff,*
*SILVA GUERRERO-RAMIREZ*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

Electronically Filed
9/26/2022 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

**CSRE**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007 (702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*j.orr@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SILVIA GUERRERO-RAMIREZ, individually, | |
| Plaintiff, | CASE NO.:  A-22-857398-C |
| vs. | DEPT. NO.: 24 |
| 99 CENTS ONLY STORES, LLC; and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30, | |
| Defendants. | |

**CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING**
**PROGRAM**

The undersigned parties hereby consent to service of documents by electronic means through the Court's e-filing program on behalf of the following parties: 99 CENTS ONLY STORES LLC.

Documents served by electronic means must be transmitted to the following persons at the e-mail addresses listed: l.brandon@bsnv.law; j.orr@bsnv.law; and h.gonzalez@bsnv.law

It is my understanding that the attachments may be transmitted to the program in any format and will be converted to a PDF file before service is effected.

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007  |  F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

The undersigned also acknowledges that this Consent does not require service by electronic means unless the serving party elects to do so.

DATED this 26 day of September, 2022.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Nev. R. Civ. P. 5(b), I certify that on September 26, 2022, I served a true and correct copy of the foregoing **CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM** through the Court's ECF electronic filing system, upon the following:

**JASON W. BARRUS, ESQ.**
Nevada Bar No. 9344
**ERIK A. BROMSON, ESQ.**
Nevada Bar No. 9986
**LAW OFFICE OF JASON W. BARRUS**
1601 E. Charleston Blvd.
Las Vegas, Nevada 89104
(702) 550-6500
Facsimile (702) 550-6501
*jason@jasonbarruslaw.com*
*erik@jasonbarruslaw.com*
*Attorneys for Plaintiff,*
*SILVA GUERRERO-RAMIREZ*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

Electronically Filed
9/26/2022 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

**DSST**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007 (702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*j.orr@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

SILVIA GUERRERO-RAMIREZ, individually,

      Plaintiff,

vs.

99 CENTS ONLY STORES, LLC; and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30,

      Defendants.

CASE NO.:  A-22-857398-C
DEPT. NO.: 24

**DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1**

    The undersigned counsel of record for Defendant, 99 CENTS ONLY STORES LLC, hereby certifies that to their knowledge, Defendant, 99 CENTS ONLY STORES LLC, is a limited liability company with no publicly held company owning ten percent (10%) or more of 99 CENTS ONLY STORES LLC.

/ / /

/ / /

/ / /

**BRANDON | SMERBER**
**LAW FIRM**

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

There are no other known interested parties other than those identified.

DATED this 26 day of September, 2022.

BRANDON | SMERBER LAW FIRM

/s/ Lew Brandon, Jr., Esq.
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on September 26, 2022, I served a true and correct copy of the foregoing **DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1** through the Court's ECF electronic filing system, upon the following:

**JASON W. BARRUS, ESQ.**
Nevada Bar No. 9344
**ERIK A. BROMSON, ESQ.**
Nevada Bar No. 9986
**LAW OFFICE OF JASON W. BARRUS**
1601 E. Charleston Blvd.
Las Vegas, Nevada 89104
(702) 550-6500
Facsimile (702) 550-6501
*jason@jasonbarruslaw.com*
*erik@jasonbarruslaw.com*
*Attorneys for Plaintiff,*
*SILVA GUERRERO-RAMIREZ*

/s/ Maybelline Valle
An Employee of Brandon | Smerber Law Firm

Electronically Filed
9/26/2022 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

**REQT**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J ORR, ESQ.**
Nevada Bar No. 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007 (702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*j.orr@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SILVIA GUERRERO-RAMIREZ, individually,<br><br>    Plaintiff,<br><br>vs.<br><br>99 CENTS ONLY STORES, LLC; and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30,<br><br>    Defendants. | CASE NO.:  A-22-857398-C<br> DEPT. NO.: 24 |

**NRCP 16.1(A)(1)(C) REQUEST FOR COMPUTATION OF DAMAGES AND DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP 16.1(a)(1)(A)(iii) REQUEST FOR MEDICAL PROVIDER IDENTITY**

Pursuant to NRCP 16.1(a)(1)(C), Defendant, 99 CENTS ONLY STORES LLC., hereby requests that Plaintiff, SILVIA GUERRERO-RAMIREZ, provide, within 30 days of this Request, a computation of any and all categories of damages claimed by Plaintiff, including making available for inspection and copying as under Rule 34 the documents or other evidentiary matter, not privileged or protected from disclosure, on which such computation is based, including materials

/ / /

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

1  bearing on the nature and extent of injuries suffered.

2      DATED this 26th day of September, 2022.

3                                          **BRANDON | SMERBER LAW FIRM**

4
                                          */s/ Lew Brandon, Jr., Esq.*
5                                          **LEW BRANDON, JR., ESQ.**
                                          Nevada Bar No. 5880
6                                          **JEFFREY J ORR, ESQ.**
                                          Nevada Bar No. 7854
7                                          **HOMERO GONZALEZ, ESQ.**
                                          Nevada Bar No. 15231
8                                          139 E. Warm Springs Road
                                          Las Vegas, Nevada 89119
9                                          *Attorneys for Defendant,*
                                          *99 CENTS ONLY STORES, LLC*
10

11                         **CERTIFICATE OF SERVICE**

12      Pursuant to Nev. R. Civ. P. 5(b), I certify that on September 26, 2022, I served a true and

13  correct copy of the foregoing **NRCP 16.1(A)(1)(C) REQUEST FOR COMPUTATION OF**

14  **DAMAGES AND DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP**

15  **16.1(a)(1)(A)(iii) REQUEST FOR MEDICAL PROVIDER IDENTITY** through the Court's

16  ECF electronic filing system, upon the following:

17
    **JASON W. BARRUS, ESQ.**
18  Nevada Bar No. 9344
    **ERIK A. BROMSON, ESQ.**
19  Nevada Bar No. 9986
    **LAW OFFICE OF JASON W. BARRUS**
20  1601 E. Charleston Blvd.
    Las Vegas, Nevada 89104
21  (702) 550-6500
    Facsimile (702) 550-6501
22  *jason@jasonbarruslaw.com*
    *erik@jasonbarruslaw.com*
23  *Attorneys for Plaintiff,*
    *SILVA GUERRERO-RAMIREZ*
24

25
                                          */s/ Maybelline Valle*
26                                          An Employee of Brandon | Smerber Law Firm

27

28

Electronically Filed
9/27/2022 2:17 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
JASON W. BARRUS, ESQ.
Nevada Bar No.: 9344
jason@jasonbarruslaw.com
ERIK A. BROMSON, ESQ.
Nevada Bar No.: 9986
erik@jasonbarruslaw.com
LAW OFFICE OF JASON W. BARRUS
1601 E. Charleston Blvd.
Las Vegas, NV 89104
Office (702) 550-6500
Fax (702) 550-6501
*Attorney for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

SILVIA GUERRERO-RAMIREZ, individually;

                              Plaintiff,

Vs.

99 CENTS ONLY STORES, LLC; and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30,

                              Defendants.

CASE NO.: A-22-857398-C
DEPT NO.: 24

**PLAINTIFF'S      REQUEST      FOR
EXEMPTION FROM ARBITRATION**

      Plaintiff requests this matter be exempted from arbitration according to Nevada Arbitration

Rules 3 and 5, because this case could receive a jury award greater than $50,000.00.

      This is a premises liability (slip and fall) action. On or about January 18, 2021, Plaintiff Silvia

Guerrero-Ramirez  was lawfully on the premises at Defendant's store as a paying guest when suddenly

and unexpectedly she slipped and fell on discarded fruit on the floor. Silvia suffered extensive

damages, including personal injuries to her neck, midback, low back, bilateral knees, bilateral

shoulders, left ankle, bilateral hands and headaches.

      Silvia's injuries were so severe that she continues to experience pain and has treated as recently

as this month, over one and a half years post incident.

      Immediately after the incident, Silvia was transported to Sunrise Hospital via an ambulance.

She then treated with a chiropractor for over five  months, two  visits with the spine surgeon, two visits

with the neurologist, eleven months of treatment with the orthopedic surgeon, one visit with the  hand

**LAW OFFICE OF JASON W. BARRUS**
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA, 89104
PHONE (702) 550-6500 FAX (702) 550-6501

surgeon, eight MRIs, at least eight sets of cervical, lumbar and sacroiliac injections, while continuing to treat with the  pain management doctor.

## **Injuries**

Silvia was transported to Sunrise Hospital via ambulance due to the initial trauma of her injuries immediately after the incident.

Due to her neck, midback, low back, bilateral knees, bilateral shoulders, left ankle, bilateral hands and headaches, she sought extended care with the chiropractor, spine surgeon, neurologist, hand specialist, orthopedic surgeon  and pain management doctor, as well as numerous x-rays and eight MRIs.

Plaintiff was diagnosed with the following:
1. **Right knee -the anterior and posterior cruciate ligaments are intact. Mild edema versus ganglion at the ACL tibial insertion.**
2. **Right knee - Articular cartilage in the patellofemoral compartment demonstrates a focal high-grade fissure in the patellar apex with mild underlying marrow edema.**
3. **Right knee -Articular cartilage in the medial compartment demonstrates severe diffuse cartilage loss with joint space narrowing and osteophytosis and mild medial tibial marrow edema. The medial meniscus is extruded and torn with a prominement radial tear involving the posterior horn/body. The tear extends to the posterior root, there is suspected adjacent lobulated and septated 15 mm paramensical cyst in the region of the posterior capsule. The medial collateral ligament is bowed medially but intact.**
4. **Right knee -Articular cartilage in the lateral compartment demonstrates mild diffuse cartilage loss and marginal osteophytosis. The lateral meniscus is intact, discoid lateral meniscus. The fibular collateral ligament is intact.**
5. **Right knee - Small joint effusion with synovitis.**
6. **Left knee – mild to moderate joint effusion**
7. **Left  knee – patellar tendon strain**
8. **Left  knee –Lateral collateral ligament strain**
9. **Left  knee –Medial collateral ligament strain**
10. **Left  knee –Full thickness tears of the mid body and posterior horn medial meniscus**
11. **Left  knee –Medial head gastrocnemius marginal insertional strain on the posterior distal femur.**
12. **Left ankle - full-thickness split tear of the inframalleolar peroneous brevis tendon.**
13. **C2-3 There is severe right neural foraminal narrowing secondary to uncovertebral and facet hypertrophy. No left neural foraminal narrowing or spinal stenosis.**
14. **C3-4 1.5 mm focal central protrusion with annular tear. Moderate right and mild left neural foraminal narrowing, uncovertebral and facet hypertrophy.**

**LAW OFFICE OF JASON W. BARRUS**
*1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA, 89104*
PHONE (702) 550-6500  FAX (702) 550-6501

15. **C4-5 1.5 mm focal central broad protrusion, ventral cord flattening and mild spinal stenosis with narrowing the canal to 9.5 mm anterior posterior. Moderate left and mild right neural foraminal narrowing, uncovertebral and facet hypertrophy.**
16. **C5-6 Left facet hypertrophy, no neural foraminal narrowing or spinal stenosis.**
17. **Annular tears C5-6 and T1-T2**
18. **L3-4 3 mm central and left paracentral protrusion narrows the left lateral recess and approaches the descending left L4 nerve root. Foraminal bulging, mild bilateral neural foraminal narrowing, no spinal stenosis. Perifacet edema in the left posterior soft tissues on the basis of facet arthritis, posttraumatic facet exacerbation or ligamentous strain/injury.**
19. **Anterolisthesis, pseudobulge. 2 mm central protrusion, prominent annular tear L4-5 with radial component. Facet hypertrophy, there is mild to moderate bilateral neural foraminal narrowing, mild spinal stenosis. Perifacet edema in the bilateral posterior soft tissues on the basis of facet arthritis, posttraumatic facet exacerbation or ligamentous strain /injury**
20. Patellofemoral Syndrome Left ICD 719.46
21. Patellofemoral Syndrome Right ICD 719.46
22. Facet Syndrome Lumbar M54.5
23. Radiculopathy, cervical region M54.12
24. Cervical disc disorder at C4-C5 level with radiculopathy, M50.121
25. Sacroiliitis, M46.1
26. Pain in left ankle and joints of left foot M25.572
27. Pain in right knee M25.561
28. Pain in left knee M25.562
29. Other intervertebral disc displacement, lumbar region M51.26
30. Facet Syndrome Cervical M54.2
31. Postconcussive headaches
32. Bilateral knee internal derangement
33. Cervical, thoracic and lumbar myofascial pain syndrome
34. Cervical facet radiculitis
35. Sprain of both shoulders
36. Sprain of the right elbow
37. Internal derangement of the left shoulder versus sprain
38. Carpal tunnel bilateral G56.00
39. Trigger finger bilateral M65.30
40. Ulnar neuropathy at cubital on the bilateral G56.21
41. Cervical sprain/strain 847.0
42. Spasm of muscle 728.85
43. Headache face/head pain 784.0
44. Brachial Neuritis or Radiculitis 723.4
45. Thoracic sprain/strain 847.1
46. Lumbar sprain/strain 847.2
47. Neuritis/Radiculitis Thoracic/Lumbo 724.4
48. Post-concussion syndrome 310.2
49. Lack of coordination 781.3
50. Blurred vision368.8

LAW OFFICE OF JASON W. BARRUS
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA 89104
PHONE (702) 550-6500  FAX (702) 550-6501

51. Tinnintus 388.30
52. Anxiety/nervousness 308.0
53. Sleep loss due to pain or anxiety 780.52
54. Sprain/strain -wrist 842.00
55. Sprain/Strain -knee/leg 844.8
56. Sprain/strain ankle 845.00

Silvia has treated as recently as August 2022 with Centennial Medical Group and on September 1, 2022  with the spine surgeon Dr. William S. Muir.

**Plaintiff medical specials to date are as follows:**

| | |
|---|---|
| 1. Sunrise Hospital | $    19,349.00 |
| 2. Fremont Emergency Associates | $      1,499.00 |
| 3. Radiology Specialists | $      4,110.00 |
| 4. American Medical Response | $      1,329.38 |
| 5. Desert Pines Rehabilitation | $    15,837.00 |
| 6. Centennial Medical Group | $    42,130.00 plus PENDING |
| 7. Centennial Surgery Center | $    69,000.00 |
| 8. Lien RX | $      5,641.03 |
| 9. Enrico Fazzini, DO | $      1,350.00 |
| 10. Desert Orthopaedic Center | $      5,950.00 |
| 11. The Minimally Invasive Hand Institute | $      3,680.00 |
| 12. Ultra Imaging | $      4,950.00 |
| 13. SimonMed Imaging | $      8,925.75 plus PENDING |
| 14. William S. Muir | $        725.00 plus PENDING |

**Total Medical Bills to Date:          $  184,476.16 plus PENDING**

Silvia continues to experience considerable pain that she is attributing to this incident and for

**LAW OFFICE OF JASON W. BARRUS**
1601 E. CHARLESTON BLVD., LAS VEGAS, NEVADA 89104
PHONE (702) 550-6500  FAX (702) 550-6501

which she continues to receive treatment.

The past and future medical specials alone for Silvia are enough for a probable jury award greater than the Arbitration Program jurisdictional cap, but the eventual award will also include years of pain and suffering.  Therefore, Plaintiff moves that this matter be summarily exempted from Arbitration.

I hereby certify pursuant to NRCP 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this 27th day of September, 2022.

LAW OFFICE OF JASON W. BARRUS

By: _____
Erik A. Bromson, ESQ.
Nevada Bar No. 9986
1601 E. Charleston Blvd
Las Vegas, NV 89104
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that according to Nevada Rules of Civil Procedure, rule 5(b), I served a true and correct copy of the above **Request for Exemption from Arbitration** on September 27, 2022 by e-service through the court website to:

Lew Brandon, Jr., Esq.
NV Bar No. 5880
Jeffrey J. Orr, Esq.
NV Bar No. 7854
Homero Gonzalez, Esq.
NV Bar No. 15231
Brandon Smerber Law Firm
139 E. Warm Springs Road
Las Vegas, NV 89119
l.brandon@bsnv.law
j.orr@bsnv.law
h.gonzalez@bsnv.law
*Attorneys for Defendant 99 Cents Only Stores, LLC*